JOHN TARBOX *et al. vs.* FRED C. GARLICK *et al.*

NOVEMBER 1, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Election Supervisors.   Town Committees.   Quo Warranto.   Ouster.*

In view of the peremptory provisions of section 32 of chapter 11 of the General Laws, requiring a town council to make its appointment of supervisors from lists presented by the town committees, if such lists are presented, a town council is negligent, which, having notice of the claims of different parties to lawfully act as such committee, makes appointments of supervisors without inquiry as to which is the lawful list, and upon petition in the nature

of *quo warranto* it appearing that such appointments were not made from the list submitted by the lawful town committee, a decree of ouster will be entered.

PETITION IN EQUITY IN THE NATURE OF QUO WARRANTO. Heard on oral evidence, and decree of ouster entered.

PARKHURST, J.  This is a petition in equity in the nature of *quo warranto*, brought under and by virtue of chapter 263 of the General Laws of the State of Rhode Island, as amended by section 1160 of the court and practice act.

It appears that the town council of the town of West Greenwich, at its regular meeting on the 29th day of September, 1906, purporting to act under the provision of chapter 11, section 32, of the General Laws in the appointment of supervisors for the election to be held on the 6th day of November, 1906, selected two supervisors, to wit, Fred C. Garlick and Oelpe Money, from a list presented to said town council by what purported to be a democratic town committee, and that Willis A. Carr and others of the petitioners were present at the time such action was taken and made no protest or objection until after these appointments were announced; but that immediately after such selection and before notice to and acceptance by the two so selected, and before the close of the said meeting, another list of names was submitted by another committee claiming to be the democratic town committee of said town, and that said list was presented to said town council at the instance of Willis A. Carr, claiming to be the chairman of said town committee; and that said Carr had given his said list to the town clerk before said meeting.

The petitioners claim that the list from which the appointment of supervisors was so made by said town council was a list prepared and presented by a former town committee which had ceased to exist as a town committee, and that the second list presented was the only lawful list under the provisions of said section 32 of chapter 11, and was presented by the only lawful democratic town committee at that time in existence.

(1)    We think that the evidence on behalf of the petitioners taken in open court shows that the committee consisting of Willis A.

Carr, Thomas J. Knight, and John Tarbox was the lawful democratic town committee of the town of West Greenwich from and after the 28th day of September, 1906, that com-. mittee having been elected on that date pursuant to action taken by the Democratic State Central Committee, and subsequently recognized by that body.   See *Rose* v. *Bennett,* 25 R. I. 405.

It is also to be noted that the respondents do not in any wise question the legality of said committee so composed as above set forth; nor does it appear that the legality of such committee has been questioned by anyone other than as might be inferred from the presentation of a list by the former democratic town committee.

It also appears that the said Willis A. Carr had handed his said list of names, from which the democratic town committee intended that supervisors should be chosen, to the town clerk before the meeting of the council, and that the town clerk failed in some way to understand that it was a list to be presented to the town council, as said Carr intended that it should be, and that such list was placed in his pocket by the town clerk and upon demand by Carr was found by the town clerk and was thereupon submitted to the town council.

It furthers appears that the town council took no action upon the presentation of such list and ignored the same, and took no further proceedings with reference to the appointment of supervisors thereunder; and that the two supervisors already appointed were notified and accepted their appointments.

While we think that Willis A. Carr, chairman of the democratic town committee, was negligent of his duty in omitting to protest against the action of the town council in appointing supervisors from the other list and in neglecting to insist that action be taken with reference to the list presented by him; yet in view of the peremptory provisions of section 32 of chapter 11 of the General Laws, requiring the town council to make its appointments of supervisors from lists presented by the town committees, if such lists are submitted, and in view of the fact that the town council had full notice at its said meeting that there was a question as to which of the parties claiming to

be town committees were lawfully exercising the functions of town committees, we think that the town council was also negligent in making the appointments as it did without making any inquiry as to what was the lawful list from which such appointments should be made, particularly in view of the fact that there was ample time for inquiry before the appointments were required to be made according to law.

We find no evidence to sustain the charges of fraud or intentional wrongdoing against the respondents.

We are therefore of the opinion that the action of the town council, in all the circumstances of this case, was not in accordance with the provisions of said section 32, chapter 11, and that the appointment of supervisors should have been made from the list presented by the said Willis A. Carr, chairman, consisting of John Tarbox, John W. Hopkins, John B. Vaughn, Charles S. Brown, John A. Bates, and Charles J. Matteson.

A decree will be entered therefore ousting the said Fred C. Garlick and Oelpe Money from the office of supervisors of election for the next general election to be held in the town of West Greenwich, November 6, 1906; and further ordering the town council of the town of West Greenwich to appoint qualified electors as supervisors from the list of names above set forth at a meeting to be held at a time and place to be fixed in the decree.

*Gardner, Pirce, and Thornley,* for petitioners.
*Samuel W. K. Allen,* for respondents.